[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No.  12-11398
Non-Argument Calendar

_____

D.C. Docket No. 2:01-cr-00067-JES-DNF-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FRED DOUGLAS SHACKLEFORD,
a.k.a. Fred Shackle,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(November 13, 2012)

Before MARTIN, JORDAN and FAY, Circuit Judges.

PER CURIAM:

After Fred Shackleford admitted that he violated the terms of his supervised

release by selling marijuana and testing positive for cocaine, the district court sentenced him to 24 months of imprisonment. On appeal, Mr. Shackleford challenges his sentence as substantively unreasonable. After reviewing the parties' briefs and the record, we affirm.

We review Mr. Shackleford's sentence for substantive reasonableness under the deferential abuse of discretion standard. *See Gall v. United States*, 552 U.S. 38, 41 (2007). In doing so, we must examine the totality of the circumstances, including whether the factors set forth in 18 U.S.C. § 3553(a) support the sentence. *See United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008). Reversal is warranted only if "we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (*en banc*) (internal quotation marks omitted).

When sentencing a defendant upon revocation of supervised release, a district court must consider: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, and to provide the defendant with needed educational or vocational

2

training, medical care, or other correctional treatment; (3) the kinds of sentences available; (4) the Sentencing Guidelines' range; (5) any pertinent Sentencing Commission policy statements; (6) the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to victims. *See* 18 U.S.C. § 3583(e) (providing that a court must consider the factors set forth in § 3553(a)(1), (a)(2)(B)–(D), and (a)(4)–(7)).

After reviewing the record, we cannot say that the 24-month sentence was substantively unreasonable. First, the sentence was below the advisory guideline range of 27-33 months. *See United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005) ("[O]rdinarily we would expect a sentence within the Guidelines range to be reasonable."). Second, although Mr. Shackleford was originally convicted of serious drug and firearm offenses and sentenced to approximately nine years of imprisonment, he continued to engage in unlawful behavior following his release. Third, Mr. Shackleford was eligible for an upward departure because he had received a downward departure at his original sentencing. *See* U.S.S.G. § 7B1.4, cmt. n.4. Fourth, the 24-month sentence is significantly less than the 5-year statutory maximum penalty applicable to Mr. Shackleford. *See Gonzalez*, 550 F.3d at 1324 (comparing the sentence imposed to the applicable statutory maximum). Contrary to Mr.

3

Shackleford's argument on appeal that the district court did not consider the fact that his violations were the result of a serious accident he was involved in, the district court explicitly considered Mr. Shackleford's argument but determined that it did not outweigh his violations. *See* R2:11 ("I have no reason to believe that was not initiated by the accident that you referred to; but, nonetheless, you were selling drugs out of your residence, and using drugs as well."). Finally, the district court explicitly considered the § 3553(a) factors, *see* R2:10, and we are not left with a "definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Irey*, 612 F.3d at 1190.

In sum, Mr. Shackleford has not met his burden to show that his 24-month sentence is substantively unreasonable. *See Talley*, 431 F.3d at 788 ("the party who challenges the sentence bears the burden of establishing that the sentence is unreasonable"). Accordingly, Mr. Shackleford's 24-month sentence is affirmed.

**AFFIRMED.**

4